Bismark USEA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74001.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

Nicholas W. Marchi, Esq., Carney &
Marchi, P.S., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, WWS–District Counsel,
Immigration and Naturalization Service
Office of the District Counsel, Seattle, WA,
OIL, DOJ—U.S. Department of Justice
Civil Div./Office of Immigration Lit.,
Washington, DC, for Respondent.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

330

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Bismark Usea, a native of Ghana and citizen of Norway, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal and claim for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and review for substantial evidence the BIA's factual findings, *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We deny the petition for review.

Usea contends that the agency denied him due process by not giving him the opportunity to present evidence as to why his asylum application was filed outside the one-year time limit set forth in 8 U.S.C. § 1158(a)(2)(B). Although this Court lacks jurisdiction to review the BIA's determination that Usea's asylum application was not timely filed, *see Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001), this Court does have jurisdiction to review due process challenges, *see Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). Usea's contention that he was denied due process is unpersuasive. Contrary to Usea's contention, the record reflects that the IJ provided Usea a "reasonable opportunity to present evidence on his behalf" as to why his application was not timely filed. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002); *Roe v. INS*, 771 F.2d 1328, 1332 (9th Cir.1985).

The agency determined that Usea failed to establish it is more likely than not that he will be persecuted for refusing to perform required military service due to his religious beliefs, if he returns to Norway. This determination is supported by substantial evidence. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001). As the record shows that Norway allows for "conscientious objection" to military service, the evidence "does not compel a finding that it is more likely than not that [Usea] will be persecuted" upon return to Norway. *Hakeem*, 273 F.3d at 816; *see also Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992) (explaining "it is not persecution for a country ... to require military service of its citizens").

Usea does not challenge the BIA's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Usea's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.